UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRISHA L. WAKAT, as Administratrix of the Estate of James Henry Mitchell, KATHY GUTIERREZ as Next Friend of AMBER MITCHELL, Minor Child of James Henry Mitchell, SHARON PATRICK, as Next Friend of JENNIFER MITCHELL and STACEY MITCHELL, Minor Children of James Henry Mitchell<br>    Plaintiffs | § § § § § § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. <u>H-05-0978</u> |
| MONTGOMERY COUNTY, TEXAS, the MONTGOMERY COUNTY, TEXAS SHERIFF'S DEPARTMENT, GUY LYNN WILLIAMS, as the Former Sheriff of Montgomery County, Texas, DR. UNAL KADRI GUROL, M.D., Individually and as the Medical Director / Physician for the Montgomery County, Texas Jail, THOMAS WAYNE "TOMMY" GAGE, as the Current Sheriff of Montgomery County, Texas, TRI-COUNTY MENTAL HEALTH MENTAL RETARDATION, JOHN DOE #1 - #10, and JANE DOE #1 - #10<br>    Defendants | § § § § § § § § § § § § § § § § § § § § § | |

___
Plaintiffs' Response to Defendant Gurol's Motion to Dismiss             Page 1

# PLAINTIFFS' RESPONSE TO DEFENDANT DR. UNAL KADRI GUROL'S MOTION TO DISMISS FOR FAILURE TO FILE AN EXPERT REPORT UNDER §74.351 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

To This Honorable Court:

Plaintiffs' TRISHA L. WAKAT, as Administratrix of the Estate of James Henry Mitchell, KATHY GUTIERREZ as Next Friend of AMBER MITCHELL, Minor Child of James Henry Mitchell, SHARON PATRICK, as Next Friend of JENNIFER MITCHELL and STACEY MITCHELL, Minor Children of James Henry Mitchell file this response to Defendant Dr. Unal Gurol's Motion to Dismiss for Failure to File an Expert Report Under **§**74.351 of the Texas Civil Practice & Remedies Code.

Defendant's Motion to Dismiss requests that all claims Plainiffs have with respect to Dr. Unal Kadri Gurol be dismissed with prejudice. The Defendant's Motion should be denied for the following reasons:

### A. Defendants Explicitly Agreed in Writing to Extend the Time to Submit Expert Reports

On December 21, 2005, counsel for the Plaintiffs served on the Defendant's a Stipulation to Enlarge Time for Plaintiffs <u>and</u> Defendants to Submit Expert

---

Reports. Both H. Kent Twining, attorney for Defendant Dr. Unal Kadri Gurol, and Suzanne Laechelin, attorney for Defendants Montgomery County, Et Al signed this document signifying their approval to same. This document bearing the signatures of all counsel, including its accompanying signed facsimile cover sheet, is attached as Exhibit 1 for reference. <u>Judge Hittner, on January 5, 2006, signed the Order on the Parties Stipulation to Enlarge Time.</u> That Order is attached herein as Exhibit 2. As indicated in the stipulated agreement, the time for filing expert reports was extended for both the Plaintiffs and the Defendants. Even with this agreement to allow additional time, Plaintiffs went ahead and served the report of Dr. Lawrence H. Mendel, Plaintiffs' expert on health care in correctional institutions, on all counsel on January 3, 2006. This date was some four (4) weeks in <u>advance</u> of the agreed-to deadline.

After receiving Plaintiffs' expert medical report well before the deadline and having over three (3) weeks to review its contents, Defendant Gurol now complains that the report was not timely submitted. Accordingly, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

**B.     Texas Civil Practice & Remedies Code §74.351 Expressly Permits an Extension of Time for Serving an Expert Report**

An agreement by the parties to extend the time to serve an expert report is specifically addressed in §74.351(a) of the Texas Civil Practice & Remedies Code. In particular, the Code states in pertinent part:

> "The date for serving the report may be extended by written agreement of the affected parties."

As discussed in section "A" above, all parties to this action entered into a written agreement to extend the time for submitting the report. Accordingly, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

**C.     Defendant Dr. Unal Kadri Gurol has Waived All Objections Regarding Plaintiffs' Expert Report**

Defendant Gurol has waived all objections to Plaintiffs' of Dr. Lawrence H. Mendel's report. The Texas Civil Practice & Remedies Code §74.351(a) states in pertinent part:

> "Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived."

Plaintiffs served Dr. Mendel's report on the Defendants by facsimile transmission on January 3, 2006. Twenty-three (23) days later, on January 26, 2006, Defendant served his complaint that the report was not timely served. Accordingly, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

### D. Expert Reports Are Not Filed

Defendant Dr. Gurol complains that "no expert report was ever filed in this lawsuit in compliance with §74.351(a)" of theTexas Civil Practice & Remedies Code. On two occasions, counsel for the Plaintiffs consulted via telephone with the Court's Case Manager regarding the filing of expert reports. The Case Manager was very explicit that discovery, and expert reports in particular, do <u>not</u> get filed in this jurisdiction. Rather, they are simply served on all parties. Plaintiffs fully and timely complied with this directive. Defendant's complaint, therefore, that no expert report was ever filed is wholly without merit. Accordingly, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

### E. Defendants Also Designated Plaintiffs' Experts

In Defendant Dr. Unal Kadri Gurol's Expert Disclosures that were served on December 1, 2005, Dr. Gurol also designated all of Plaintiffs' experts who may testify regarding the treatment of the decedent, James Henry Mitchell. Thus,

Defendant Gurol has no basis to now complain regarding the filing of Plaintiffs' expert report. Accordingly, Defendant Gurol's motion to dismiss himelf from this lawsuit should be denied.

F.     **Defendants Failed to Object at the Time the Rule 16 Scheduling Order Was Signed**

On August 9, 2005, United States Magistrate Judge Stephen Wm. Smith signed a Rule 16 Scheduling Order in this case. That Order called for Plaintiffs' expert reports to be submitted by January 1, 2006. This deadline was subsequently extended by written agreement of the parties and an order to that effect was signed by the Court. At that in-court conference, Defendant Gurol appraised the Court that, among other allegations, this lawsuit involved claims of medical negligence on the part of Defendant Gurol. At no time did the Defendant raise any objections to the timeframes set out in the Scheduling Order. It was not until Defendant Gurol reviewed the damaging contents of the Plaintiffs' expert report, more than three (3) weeks after he received it, that he now objects. Accordingly, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

G. **Plaintiffs' Claims Against Defendant Gurol Involve Civil Rights Violations as Well as Medical Negligence**

Plaintiffs' claims against Dr. Gurol are more far-reaching than just medical negligence. In particular, the Plaintiffs' Complaint (Original and First Amended) state that in pertinent part the following:

> "Dr. Unal Kadri Gurol ….. violated the rights of James Henry Mitchell under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and, therefore, are violative of 42 U.S.C. §1983."

Clearly, Dr. Gurol's culpability in this lawsuit extends well beyond any claims of medical negligence. Accordingly, Defendant Gurol's motion to dismiss himelf from this lawsuit should be denied.

C. **Conclusion**

For the reasons outlined above, Defendant Dr. Unal Gurol's Motion to Dismiss for Failure to File an Expert Report Under §74.351 of the Texas Civil Practice & Remedies Code should be denied. To order otherwise would, in effect, be a "death penalty" for Plaintiffs' claims against Dr. Unal Kadri Gurol, and would allow Dr. Gurol to wholly escape any liability for his clear role as Medical Director of the Montgomery County, Texas Jail in the death of James Henry Mithchell.

## D. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that Defendant Unal Kadri Gurol's Motion to Dismiss be denied and for any other relief that they are entitled.

Respectfully submitted,

By: **/s/ J D Lambright**

Law Offices of J D Lambright, P.L.L.C.
Texas Bar No. 24012996
Federal Bar No. 25653
Conroe Tower, Suite 450
300 W. Davis
Conroe, Texas  77301
Telephone: 936-539-3499
Facsimile: 936-539-1799
Email: JDLambright@the-law-offices.com

ATTORNEY IN CHARGE FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on this, the 15th day of February, 2006, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing instrument has been served upon each party to this cause.

By: **/s/ J D Lambright**

# EXHIBIT 1