IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
FEB 1 7 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| TRISHA WAKAT, as Administrator of the Estate of James Henry Mitchell, KATHY GUTIERREZ as Next Friend of AM, Minor Child of James Henry Mitchell, SHARON PATRICK, as Next Friend of JM and SM, Minor Children of James Henry Mitchell <br><br> VS. <br><br> MONTGOMERY COUNTY, TEXAS, the MONTGOMERY COUNTY, TEXAS SHERIFF'S DEPARTMENT, GUY LYNN WILLIAMS, as the Former Sheriff of Montgomery County, Texas, DR. UNAL KADRI GUROL, M.D., Individually and as the Medical Director/Physician for the Inmates of the Montgomery County, Texas Jail, THOMAS WAYNE "TOMMY" GAGE, as the Current Sheriff of Montgomery County, Texas, JOHN DOE #1-10, and JANE DOE #1-10 | CIVIL ACTION NO. H-05-0978 |

## DEFENDANT, DR. UNAL KADRI GUROL'S REPLY TO PLAINTIFFS' RESPONSE TO DR. GUROL'S MOTION TO DISMISS FOR FAILURE TO FILE AN EXPERT REPORT UNDER §74.351 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

To the Honorable U.S. District Court:

COMES NOW, UNAL KADRI GUROL, M.D., one of the Defendants in the

above-entitled and numbered cause, and files this Reply to Plaintiffs' Response to Dr. Gurol's Motion to Dismiss for Failure to File an Expert Report under Chapter 74 of the Texas Civil Practice and Remedies Code § 74.351 and respectfully shows the Court as follows:

### A. Dr. Gurol Did Not Agree to Extend the Time for Plaintiffs to Submit the Substantive Report Envisioned by §74.351

Plaintiffs argue that Dr. Gurol agreed to extend the time for the filing of expert reports, as evidenced by the Stipulation to Enlarge Time for Plaintiffs and Defendants to Submit Expert Reports that is attached to Plaintiffs Response. However, what Plaintiffs fail to point out is the fact that the agreement extended the time to submit expert reports pursuant to the **Rule 16 Scheduling Order**, i.e., the reports called for by Rule 26(a)(2) of the Federal Rules of Civil Procedure, not the expert report envisioned by §74.351 of the Texas Civil Practice and Remedies Code.

In *Cruz v. Chang*, a medical malpractice case filed in federal court with facts very similar to the issues involved in the present matter, a defendant doctor moved to dismiss plaintiff's claims for failure to serve him timely with an expert report pursuant to former section 13.01 *(now §74.351)*. In that case, the United States District Court for the Western District of Texas recognized that the purpose of Chapter 74 of the Texas Civil Practice and Remedies Code was to curtail frivolous claims against physicians and other health care providers, it was not meant to be used as a discovery

procedure. In fact, the Court notes that pursuant to §74.351 (k), "... an expert report served under this section: 1) is not admissible in evidence by any party; 2) shall not be used in a deposition, trial, or other proceeding; and 3) shall not be referred to by any party during the course of the action for any purpose." Tex. Civ. Prac. Rem. Code §74.351. "By its plain meaning, the state requirement addresse(s) requirements for a preliminary merits review of claims and prohibit(s) use of expert reports in discovery or trial". *Martinez v. Abbott Laboratories and Abbott Laboratories, Inc.*, 146 S.W.3d 260, 271 (Tex. App.–Fort Worth 2004). Federal Rule of Civil Procedure 26 by way of contrast, is entitled "General Provisions Governing Discovery; Duty of Disclosure" and 26(a)(2) pertains to disclosures applicable to "any person who may be used at trial" to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "The plain meaning of the applicable sections are thereby reconcilable as section 13.01 is irrelevant to claim discovery whereas Rule 26 defines discovery." *Cruz v. Chang*, 400 F. Supp 2d 906 (W.D. Tex. 2005).

The Court noted that "the only conceivable similarity between section 13.01 and Rule 26 is that both provisions require the production of expert reports. The provisions by definition cannot overlap as the former is by definition a non-discovery procedure and the latter is a discovery procedure." *Cruz v. Chang*, 400 F. Supp 2d 906 (W.D. Tex. 2005). The Court held that "as section 13.01 is not displaced by

-3-

federal rule and is found to be part of a comprehensive scheme governing plaintiff's substantive right in state court proceedings, this Court is bound to apply the requirements of section 13.01." *Id.* The Court then dismissed the case with prejudice as Plaintiff had failed to serve her expert report in a timely manner.

In the present case, Dr. Gurol only agreed to extend the time to submit expert reports pursuant to the Rule 16 Scheduling Order, he in no way agreed to extend the time to serve a report pursuant to §74.351. How could he, that deadline had long since passed; the substantive report envisioned by §74.351 was due on July 20, 2005. The agreement that Plaintiffs base their argument on wasn't even entered into until December 21, 2005, some five months after the §74.351 report was due.

Plaintiffs also argue that Dr. Gurol's agreement to extend the expert report deadline under Federal Rule 26 somehow qualifies as an extension under §74.351. This is absolutely incorrect. As mentioned above, Dr. Gurol only agreed to extend the deadlines pursuant to the Rule 16 Scheduling Order, not the deadline envisioned by §74.351. In fact, the Stipulation Plaintiffs rely on specifically seeks to extend the deadline "<u>Per the Rule 16 Scheduling Order</u>". See Stipulation to Enlarge Time for Plaintiffs and Defendants to Submit Expert Reports already on file with this Court. No where in that agreement does Dr. Gurol agree to extend the time Plaintiffs have to file the substantive report required by §74.351.

Plaintiffs simply failed to comply with §74.351 because the required expert report was not served by July 20, 2005. As such, Plaintiffs' action against Dr. Gurol must be dismissed.

### B. Dr. Gurol Has Waived No Objections

Plaintiffs argue that Dr. Gurol has waived all objections regarding Plaintiffs' expert report citing a portion of §74.351(a) which requires a defendant physician to file objections to the sufficiency of an expert's report no later than 21 days after it was first served. Plaintiffs' argument is nonsensical. Dr. Gurol did not object to the sufficiency of a report, because he was never provided with one. Plaintiffs' argument as to Dr. Mendel's report is irrelevant because Dr. Mendel's report is an expert report served in compliance with the Rule 16 Scheduling Order and FRCP 26(a)(2). It was not served in compliance with §74.351, because that deadline passed on July 20,2005, and no agreement to extend that deadline was ever entered into. Plaintiffs' argument in this regard is wholly without merit. Accordingly, Dr. Gurol's Motion to Dismiss should be granted.

### C. Expert Reports Must be Served

Plaintiffs argue that expert reports are not required to be filed and only must be served. It is true that Dr. Gurol argued in his Motion to Dismiss that the expert report must be filed. Plaintiffs are correct to the extent that the expert report must only be

served on the defendant physician or his counsel. However, this does not change the fact that Plaintiffs never *served* the substantive report required by §74.351 on either Dr. Gurol or his counsel. That report was due on July 20, 2005 and Dr. Gurol did not receive one by that date. Accordingly, Dr. Gurol's Motion to Dismiss should be granted.

**D. The Fact that Dr. Gurol Cross Designated Plaintiffs' Experts is Irrelevant**

Plaintiffs argue that because Dr. Gurol cross designated Plaintiffs' experts, that he has no basis to complain regarding the filing of Plaintiffs' expert report. This argument is beside the point and is wholly irrelevant. The issue is not who designated who, it is simply whether or not Plaintiffs' complied with §74.351 by serving an expert report upon Dr. Gurol by July 20, 2005. The fact is they did not and as such, their claims against Dr. Gurol must be dismissed as mandatorily required by §74.351.

**E. Dr. Gurol Did Not Object When the Rule 16 Scheduling Order was Signed**

Plaintiffs argue that because Dr. Gurol failed to object when the Rule 16 Scheduling Order was signed in this case, he has no standing to object to the expert report deadline now. However, the fact is Dr. Gurol had nothing to object to at the scheduling conference. As set out above, the expert report deadlines involving expert <u>discovery</u> set out in the Rule 16 Scheduling Order are separate and distinct from the <u>substantive</u> expert report required by §74.351. See *Cruz v. Chang*, 400 F. Supp 2d 906

(W.D. Tex. 2005). The Court was not in any way interfering with the requirements of §74.351 and as such, Dr. Gurol had nothing to object to. Accordingly, this argument is without merit and Dr. Gurol's Motion to Dismiss should be granted.

### F. All Claims Against Dr. Gurol Should Be Dismissed

Plaintiffs argue that because their claims against Dr. Gurol are "more far reaching" than medical negligence, no claims against Dr. Gurol should be dismissed. However, because all claims against Dr. Gurol are so inextricably intertwined with his care and treatment of James Mitchell, Plaintiffs will not be able to show any liability on the part of Dr. Gurol without necessarily proving up the medical standard of care and how Dr. Gurol allegedly breached that standard of care.

A health care liability claim is defined by Chapter 74 as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care . . . which proximately results in the injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2004). Texas courts have consistently held that causes of action that are, in actuality, health care liability claims cannot simply be recast in the language of a different cause of action in order to avoid application of the MLIIA. *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005); *Garland Cmty. Hosp. v. Rose*,

156 S.W.3d 541, 543 (Tex. 2004); *MacGregor Med. Ass'n v. Campbell*, 985 S.W. 2d 38, 40 (Tex. 1998); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994); Groomes v. *USH of Timberlawn, Inc.*, 2005 WL 1793201 (Tex. App.–Dallas 2005, no pet) (not yet released for publication); *Smalling v. Gardner*, 2005 WL 549855 (Tex. App.–Houston [14th Dist.] 2005, no pet) (not yet released for publication).

In determining whether a plaintiff has attempted to recast a health care liability claim, courts examine the underlying nature of the cause of action. *MacGregor Med. Ass'n v. Campbell*, 985 S.W. 2d 38, 40 (Tex. 1998); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994). In doing so, the court is not bound by the plaintiff's own characterization of the claims. *Buck v. Blum*, 130 S.W.3d 285, 291 (Tex. App.–Houston [14th Dist.] 2004, no pet.). If the cause of action is based on the physician's breach of the accepted standard of medical care, the cause of action is nothing more than a health care liability claim, no matter how Plaintiff labels it. *See Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995). Factors courts consider in determining if a cause of action is a "health care liability claim" include: 1) whether or not the challenged act was "an inseparable part of the rendition of medical services." *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995); 2) whether, to successfully prove the claim, the plaintiff must prove a breach of the applicable standard of care for health care providers. *See MacGregor Med. Ass'n v. Campbell*

at 41; and 3) whether medical expert testimony will be required to prove the claim. *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 544 (Tex. 2004); *Groomes v. USH of Timberlawn, Inc.*, 2005 WL 1793201 (Tex. App.–Dallas 2005, no pet) (not yet released for publication).

### 1. The challenged act was an inseparable part of the rendition of medical services.

The Supreme Court of Texas has held that a controlling factor in deciding if a cause of action is a "health care liability claim" is whether or not the challenged act was an inseparable part of the rendition of medical services. *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995). In the instant case, the challenged act is the medical care and treatment Dr. Gurol provided to James Mitchell while he was incarcerated. Plaintiffs' factual allegations, as they relate to Dr. Gurol, all relate to the medical treatment provided by him. In regard to Dr. Gurol, Plaintiffs specifically argue that he "failed to provide adequate medical care, including but not limited to, failure to make adequate attempts to revive James Henry Mitchell." See Plaintiffs' Original Complaint already on file with the Court. The bottom line is that the underlying nature of this claim involves assertions against a physician for treatment. Such a claim is expressly brought within the purview of the MLIIA via the definition of "health care liability claim" set out above. The factual allegations relied upon by Plaintiffs in asserting their civil rights causes of action are clearly an inseparable part

of the rendition of medical services and as such, their claims constitute a health care liability claim and should be governed by the MLIIA.

2.  **Plaintiffs must prove that Dr. Gurol breached the standard of care to successfully prove their claims.**

As the Texas Supreme Court noted in *MacGregor Med. Ass'n v. Campbell*, the test for determining if a claim is truly a health care liability claim is whether, to successfully prove the claim, the plaintiff must prove a breach of the applicable standard of care for health care providers. 985 S.W. 2d 38, 41 (Tex. 1998). It is quite clear in this matter that Plaintiffs will not be able to show that Dr. Gurol was liable in any way unless they can show that he breached the medical standard of care relevant to his profession. In order to prove that Dr. Gurol "failed to provide adequate medical care, including but not limited to, failure to make adequate attempts to revive James Henry Mitchell", Plaintiffs will need to have medical expert testimony setting out the relevant standard of care. As such, Plaintiffs' claims fall squarely under the definition of health care liability claims and must be governed by the MLIIA.

3.  **Medical expert testimony will be required to prove Plaintiffs' claim.**

As noted above, another factor courts look to in determining whether or not a cause of action is a health care liability claim is whether medical expert testimony will be required to prove the claim. *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 544 (Tex. 2004); *Groomes v. USH of Timberlawn, Inc.*, 2005 WL 1793201 (Tex.

App.–Dallas 2005, no pet) (not yet released for publication). In the present action, and as noted above, Plaintiffs will need to have medical expert testimony setting out the relevant standard of care in this action in order to show if Dr. Gurol was liable or not. The conclusion here is simple, Plaintiffs will not be able to prove their claims without the aid of medical expert testimony. As such, their claims must be governed by the MLIIA.

### 4. Conclusion: All Claims Against Dr. Gurol Should Be Dismissed

The challenged act in this lawsuit was an inseparable part of the rendition of medical services. It revolves solely around the medical treatment that Dr. Gurol provided to Mr. Mitchell while he was incarcerated from March 13, 2003 until March 24, 2003. Plaintiffs' recovery in this case will depend on whether Dr. Gurol breached the applicable standard of care in his treatment of the inmate during that time period. Expert testimony will be required to establish what that standard of care is and without that testimony, Plaintiffs will be unable to successfully prove their claims. In other words, this lawsuit, as it relates to Dr. Gurol, is nothing more than a health care liability claim and Plaintiffs cannot recast their claims as something else to avoid the requirements of the MLIIA. As such, all claims against Dr. Gurol must be dismissed pursuant to §74.351 of the Texas Civil Practice and Remedies Code.

## F. Conclusion

In summary, this Court should dismiss all medical malpractice claims against Dr. Gurol because Plaintiffs never served, in a timely manner, the substantive report required by §74.351 on either Dr. Gurol or his counsel. That report was due on July 20, 2005 and Dr. Gurol did not receive one by that date. Accordingly, Dr. Gurol's Motion to Dismiss should be granted and all medical malpractice claims against him must be dismissed pursuant to §74.351 of the Texas Civil Practice and Remedies Code.

Further, this Court should dismiss all claims against Dr. Gurol because the remaining "civil rights" claims are nothing more than recast health care liability claims. The challenged act in this lawsuit was an inseparable part of the rendition of medical services. It revolves solely around the medical treatment that Dr. Gurol provided to Mr. Mitchell while he was incarcerated from March 13, 2003 until March 24, 2003. Accordingly, all claims against Dr. Gurol should be dismissed.

Respectfully submitted,

_____
H. Kent Twining
TBA No. 20351300
Erica J. Easter
TBA No. 24041879
BARKER, LYMAN, TWINING,

WEINBERG & FERRELL, P.C.
3600 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Fax: 713-652-2419
Phone: 713-759-1990
Attorneys for Defendant
Dr. Unal Kadri Gurol, M.D., Individually and as the Medical Director/Physician for the Inmates of the Montgomery County, Texas Jail

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method of service indicated on the 17th day of February, 2006.

_____
H. Kent Twining

| | |
|---|---|
| John E. Choate<br>Law Offices of John E. Choate, Jr.<br>Conroe Tower, Suite 450<br>300 W. Davis<br>Conroe, TX 77301 | via facsimile & cmrrr |
| JD Lambright<br>Law Offices of JD Lambright, P.L.L.C.<br>Conroe Tower, Suite 450<br>300 W. Davis<br>Conroe, TX 77301 | via facsimile & cmrrr |
| Suzanne Laechelin,<br>Asst. Montgomery County Attorney<br>Montgomery County, Texas<br>200 W. Phillips<br>Conroe, TX 77301 | via facsimile & regular mail |