# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRISHA L. WAKAT, as Administratrix of the Estate of James Henry Mitchell, KATHY GUTIERREZ as Next Friend of AM, Minor Child of James Henry Mitchell, SHARON PATRICK, as Next Friend of JM and SM, Minor Children of James Henry Mitchell | § § § § § § § § | |
| **Plaintiffs** | § § | |
| VS. | § § | CIVIL ACTION NO. <u>H-05-0978</u> |
| MONTGOMERY COUNTY, TEXAS, the MONTGOMERY COUNTY, TEXAS SHERIFF'S DEPARTMENT, GUY LYNN WILLIAMS, as the Former Sheriff of Montgomery County, Texas, DR. UNAL KADRI GUROL, M.D., Individually and as the Medical Director / Physician for the Montgomery County, Texas Jail, THOMAS WAYNE "TOMMY" GAGE, as the Current Sheriff of Montgomery County, Texas, JOHN DOE #1 - #10, and JANE DOE #1 - #10 | § § § § § § § § § § § § § § § | |
| **Defendants** | § § | |

# PLAINTIFFS' REPLY TO DEFENDANT DR. UNAL KADRI GUROL'S REPLY TO PLAINTIFFS' RESPONSE TO DR. GUROL'S MOTION TO DISMISS FOR FAILURE TO FILE AN EXPERT REPORT UNDER §74.351 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

To This Honorable Court:

Plaintiffs' TRISHA L. WAKAT, as Administratrix of the Estate of James Henry Mitchell, KATHY GUTIERREZ as Next Friend of AM, Minor Child of James Henry Mitchell, SHARON PATRICK, as Next Friend of JM and SM, Minor Children of James Henry Mitchell, file this Reply to Defendant Dr. Unal Gurol's Reply to Plaintiffs' Response to Dr. Gurol's Motion to Dismiss for Failure to File an Expert Report Under **§**74.351 of the Texas Civil Practice & Remedies Code.

Defendant's Motion to Dismiss requests that all claims Plainiffs have with respect to Dr. Unal Kadri Gurol be dismissed with prejudice. The Defendant's Motion should be denied for the following reasons.

### A.  This Case Involves Civil Rights Violations Under 42 U.S.C. § 1983 That Extend Far Beyond a "Health Care Liability Claim"

Despite the contentions of Defendant Dr. Unal Kadri Gurol, this case is **not** simply a case of medical negligence. Rather, this case centers on the policies, practices, and procedures of the Montgomery County Sheriff's Department that

allowed its officers, employees, agents, and contractors to deprive James Henry Mitchell of his fundamental rights under the Constitution of the United States. These policies, in effect, the entire system in place at he Montgomery County Jail, allowed Mr. Mitchell to be subjected to extremely cruel and unusual punishment; they allowed Mr. Mitchell to suffer a slow and painful death while in the care, custody, and control of the Montgomery County Sheriff's Department over an eleven (11) day period. Collectively, the Defendants violated the civil rights of James Henry Mitchell under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and, therefore, are violative of 42 U.S.C. § 1983. Included among these Defendants is Dr. Unal Kadri Gurol, who now asks the Court to forever dismiss him from this lawsuit.

It is without question that Defendant Gurol was under written contract with Montgomery County to provide services to the Montgomery County Sheriff's Department and, more specifically, the Montgomery County Jail. A copy of Gurol's contract is attached as Exhibit "1". For the reasons stated herein, as well as the reasons brought forth in Plaintiffs' initial response on file in this matter, Defendant Gurol's motion to wholly dismiss himself from this lawsuit should be denied.

## B. Background

On March 13, 2003, James Henry Mitchell was stopped by a Deputy with the Montgomery County Sheriff's Department on a suspicion of DWI. The officer's report states that Mitchell was <u>not</u> intoxicated; however, he was arrested and was transported to the Montgomery County Jail. Eleven (11) days later, on March 24, 2003, Mr. Mitchell was pronounced dead without ever leaving the confines of the jail.

While in the custody, care, and control of the Montgomery County Sheriff's Department, Mr. Mitchell allegedly became ill and emotionally disturbed. Physical evidence also indicated Mr. Mitchell had been physically abused while in custody at the Montgomery County Jail. At some point during his incarceration, jail records and videotape evidence document that Mr. Mitchell was placed in a restraint chair for many hours, far beyond any specifications and recommendations of the chair manufacturer. Additionally, Mr. Mitchell was placed in a restraint room where he laid in his own excrement "shaking" and "flopping" on the floor for hours on end. There is no evidence whatsoever that Mr. Mitchell in any way brought on such treatment, such conscious indifference. Rather, the policies and procedures of the Montgomery County Jail system fostered an environment where such blatant violations of Mr. Mitchell's civil rights were allowed to occur right under the

watchful eyes of the Defendants. Defendant Gurol was a knowing participant in these activities.

While in the custody, care, and control of the Montgomery County Sheriff's Department, Mr. Mitchell suffered painful injuries to various parts of his body. Just hours before his death, when he could no longer walk, no longer feed himself, and no longer even sit up under his own power, Mr. Mitchell was placed in the Jail Infirmary, and all visits by his family were denied.

Reports, video, and photographic evidence indicate that, in addition to his numerous external wounds, Mr. Mitchell was severely dehydrated, and that he had been bleeding internally for quite some time. Despite Mr. Mitchell's continuously deteriorating medical condition, he was never transported to outside medical facilities for care and treatment.

The policies, customs, procedures, practices, and acts of Montgomery County, through its employees, officers, agents, and contractors, including Defendant Gurol, violated the rights of James Henry Mitchell under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and, therefore, are violative of 42 U.S.C. § 1983.

## C. Plaintiffs' 42 U.S.C. § 1983 Claims Against the Defendants Are Clearly Not a Recasting of a Health Care Liability Claim

Contrary to Defendant Gurol's assertions, Plaintiffs' claims against Gurol are clearly **not** an attempt to recast a health care liability claim in the language of a different cause of action in order to avoid application of the Texas Medical Liability and Insurance Improvement Act (MLIIA). Without question, the policies, customs, procedures, practices, and acts of Montgomery County, its officers, employees, agents, and contractors, including but not limited to, Sheriff Guy Lynn Williams and Dr. Unal Kadri Gurol, violated the rights of James Henry Mitchell under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and, therefore, are violative of 42 U.S.C. § 1983.

The Montgomery County jail in no way falls within the meaning of a health care institution as that term is defined in §74.001(a)(11) of the Texas Civil Practice & Remedies Code. There is no denying that Defendant Gurol was an agent of Montgomery County, that he was under the terms of a written contract with Montgomery County, and that he was acting under color of law when he violated Mr. Mitchell's civil rights in the Montgomery County Jail. From the very outset, this lawsuit was a § 1983 claim. It was only during the course of reviewing the Initial Disclosures and other materials provided by the Defendants that the

Plaintiffs began to discover the full nature and extent of these violations and the role that Defendant Gurol played in the death of Mr. Mitchell.

The 42 U.S.C. § 1983 claims the Plaintiffs have against Defendant Gurol are separate and distinct from any medical negligence claims. Plaintiffs § 1983 claims against Gurol must survive independent of any questions involving an expert report under §74.351(a) of the Texas Civil Practice & Remedies Code. Accordingly, Defendant Gurol's motion to wholly dismiss himself from this lawsuit should be denied.

### D. Defendants Did Explicitly Agree in Writing to Extend the Time to Submit the Expert Report Envisioned by §74.351(a)

On page 3 of Defendant Gurol's Reply to Plaintiffs' Response, Gurol states that pursuant to §74.351(k), "an expert report served under this section: 1) is not admissible in evidence by any party; 2) shall not be used in a deposition, trial, or other proceeding; and 3) shall not be referred to by any party during the course of the action for any purpose". Gurol further states that "by its plain meaning, the state requirement addresses requirements for a preliminary merits review of claims and prohibits use of expert reports in discovery or trial".

Unfortunately, Gurol's assertions are incomplete and erroneous in that they totally fail to mention that the Subsection (k) restrictions mentioned above are subject to Subsection (t) of §74.351. In its entirety, §74.351(t) states the following:

> "If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), **the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.**" (emphasis added).

Without question, Gurol's claim that §74.351(k) of the Texas Civil Practice & Remedies Code prohibits a §74.351 expert's report from being used at trial is patently false. The clear language of Subsection (t) of §74.351 says otherwise.

Plaintiffs have submitted the reports of four (4) experts in this matter. Three of these reports are from medical experts (Dr. Lawrence H. Mendel, Dr. Rolf Barth, and Dr. Jeffrey Metzner), and the fourth is from an expert on jail/prison policies, practices, and procedures (Gordon Kamka). In particular, the report of Dr. Lawrence H. Mendel, Plaintiffs' expert on health care in correctional institutions, was served on all counsel on January 3, 2006. This date was some four (4) weeks in <u>advance</u> of the deadline agreed to by Defendant Gurol as well as the other defendants. Subsection (t) of §74.351 clearly provides that such an expert report

can be used as part of discovery addressed by Rule 26(a)(2) of the federal Rules of Civil Procedure.

As addressed in Section "A" of Plaintiffs' previously filed Response to Defendant Gurol's Motion to Dismiss, all parties **did** in fact agree to extend the deadline to submit expert reports. Defendant Gurol's claim that he did not intend for Judge Hittner's Order reflecting that agreement to apply to all expert reports, including those envisioned by §74.351, is disingenuous. In particular, Gurol's attorney affixed his signature to page two (2) of Plaintiffs' fax cover sheet which reflected such an agreement. (see Exhibit "1" of Plaintiffs' Response to Defendant Gurol's Motion to Dismiss). Nowhere in that document is there any reference whatsoever that our agreement excluded a §74.351 report.

Secondly, Gurol's attorney also affixed his signature to the Stipulation to Enlarge Time for Plaintiffs and Defendants to Submit Expert Reports. Again, nowhere in that document is there any reference whatsoever that our agreement excluded a §74.351 report. Finally, the Order signed by Judge Hittner (see Exhibit "2" of Plaintiffs' Response to Defendant Gurol's Motion to Dismiss) was presented to Defendant Gurol in advance of its signing. That document makes no exclusion of §74.351 reports, and, once again, Defendant Gurol voiced no objection.

Logic and common sense would dictate that, had Defendant Gurol **not** intended for our agreement to include a §74.351 report, he would have insisted that specific language to that effect be inserted in the above documents. For example, in a subsequent Motion to Extend Rule 26 Expert Report Deadline (document #46 filed in this cause), Montgomery County inserted precise language on that very point in footnote number one (1). Had Gurol intended that such a restriction be part of our agreement, he most certainly would have taken the appropriate steps to insure that such language be included.

An agreement by the parties to extend the time to serve an expert report is specifically addressed in §74.351(a) of the Texas Civil Practice & Remedies Code. In particular, the Code states the "date for serving the report may be extended by written agreement of the affected parties." In this case, that is exactly what the parties did. Defendant Gurol should not now be allowed to wholly escape liability in this matter by claiming otherwise.

It was not until Defendant Gurol spent three (3) weeks reviewing the damaging contents of the Plaintiffs' expert report submitted by Dr. Mendel that he decided to object. By waiting longer than the twenty one (21) days specified in §74.351(a), Gurol has waived any objections. Therefore, Defendant Gurol's motion to dismiss himself from this lawsuit should be denied.

## E. Cases Cited in Defendant Gurol's Reply are Distinguishable and Wholly Dissimilar from the Instant Case

In his Reply, Defendant Gurol makes numerous references to *Cruz v. Chang*, 400 F. Supp. 2d 906 (W.D. Tex. 2005). Gurol states that the facts in *Cruz v. Chang* are "very similar to the issues involved in the present matter". Such is clearly not the case. *Cruz v. Chang* involved a simple medical negligence claim filed by the plaintiff, a patient in a hospital, against a doctor for injuries the plaintiff claimed he sustained as a result of a negligent operation performed by the doctor. Without question, *Cruz v. Chang* was purely a medical negligence case against a private physician in a hospital setting. No violations of 42 U.S.C. § 1983 were involved.

In the instant case, Defendant Gurol was under contract with the Montgomery County Sheriff's Department to treat persons like James Henry Mitchell. Gurol was acting under color of law when he violated Mr. Mitchell's constitutional rights. Mr. Mitchell was in the exclusive care, custody and control of Montgomery County authorities. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Because of his confinement, Mr. Mitchell could not seek medical help on his own. He was totally and completely at the mercy of jail authorities for treatment. Montgomery County, including

Defendant Gurol, exhibited a deliberate indifference to Mr. Mitchell's serious medical needs. Mitchell died because of this indifference. Such deliberate indifference constituted unnecessary and wanton infliction of pain that violated the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 291. In the context of the County's duty to provide medical care for inmates, "deliberate indifference" constitutes the requisite "wantonness" state of mind. *Wilson v. State*, 501 U.S. 294, 302, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).

Defendant Gurol repeatedly states that Plaintiffs' claims against Gurol are an attempt to recast a health care liability claim in the language of a different cause of action in order to avoid application of the Texas Medical Liability and Insurance Improvement Act (MLIIA). Such is clearly **not** the case. Gurol cites numerous cases in an attempt to support this argument, but these cases are clearly distinguishable from the case at hand.

For example, Gurol cites *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) as a case that held that a health care liability claim cannot simply be recast in the language of a different cause of action in order to avoid application of the MLIIA. What Gurol fails to point out, however, is that *Murphy v. Russell* involved a <u>hospital patient</u> who alleged violations of the <u>Texas Deceptive Trade Practices Act (DTPA)</u> against an anesthesiologist for administering a general anesthetic

---

without her consent. There is no question that the plaintiffs DTPA claims were, in actuality, health care liability claims, and they properly should have been filed as such. Unlike our case, in *Murphy v. Russell*, no violations of 42 U.S.C. § 1983 were involved. The plaintiff was not a jail inmate, and the anesthesiologist was not providing services under color of law. The facts in *Murphy v. Russell* are plainly very dissimilar to the instant case.

Gurol goes on to cite another case *Garland Cmty. Hosp. v. Rose*, 156 S.W. 3d, 541, 543 (Tex. 2004) to bolster its "recasting" argument. That case is, again, quite distinguishable from the case at hand, in that *Garland Cmty. Hosp. v. Rose* involved a claim that a hospital negligently credentialed a doctor who performed cosmetic surgery on the plaintiff. As before, <u>no</u> violations of 42 U.S.C. § 1983 were involved; the plaintiff was <u>not</u> a jail inmate; and, the doctor was <u>not</u> providing services under color of law as a local governmental agent.

Defendant Gurol then refers to *MacGregor Med. Ass'n v. Campbell*, 985 S.W. 2d 38, 40 (Tex. 1998). As in *Murphy v. Russell*, *MacGregor Med. Ass'n v. Campbell* was once again a health care liability claim filed as a DTPA claim. Such is clearly not allowed. Similarly, Gurol cites *Walden v. Jeffery*, 907 S.W. 2d 46, 448 (Tex. 1995) and *Gormley v. Stover*, 907 S.W. 2d 448, 450 (Tex. 1995). Both of

these cases were health care liability claims, but they were filed as DTPA claims. As before, neither case involved any issue regarding 42 U.S.C. § 1983 claims.

In another case cited by Defendant Gurol, *Buck v. Blum*, 130 S.W. 3d 285, 291 (Tex. App.-Houston [14th Dist.] 2004, no pet.), the plaintiff brought claims against her neurologist for assault and battery during a neurological examination. She also brought claims for negligence against the medical clinic. Predictably, the negligence claim was disallowed as it, once again, should have been filed as a health care liability claim. This case, too, is distinguishable form the case at bar, and Gurol's motion to dismiss himself from the 42 U.S.C. § 1983 claims in this lawsuit should be denied.

**F.     Plaintiffs' Civil Rights Claims Against Defendant Gurol Under 42 U.S.C. § 1983 Must Survive Separately from any State Claim**

The Plaintiffs' claims under 42 U.S.C. § 1983 against Defendant Gurol are not preempted by any state health care liability claims that may arise under §74 of the Texas Civil Practice & Remedies Code. The United States Supreme Court, in *Johnson v. Fankell*, 520 U.S. 911, 117 S.Ct. 1800, so stated when it said that "The failure to comply with the Wisconsin statute in *Felder* (*Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed. 2d 123 (1988)) resulted in a judgment dismissing a complaint that would not have been dismissed – at least not without a judicial

determination of the merits of the claim – if the case had been filed in a federal court. One of the primary grounds for our decision was that, because the notice-of-claim requirement would 'frequently and predictably produce different outcomes' depending on whether § 1983 claims were brought in state or federal court, it was inconsistent with the federal interest in uniformity."

Defendant Gurol was an agent of the Montgomery County Sheriff's Department, and he was acting under the terms and conditions of a written contract to that effect when James Henry Mitchell was subjected to Gurol's treatment. Gurol enjoys no qualified immunity defense. Neither can he escape 42 U.S.C. § 1983 by claiming that this action is simply a recast of a health care liability claim, when it clearly is not.

If Defendant Gurol's attempts to have himself dismissed from this lawsuit are allowed, in effect the Plaintiffs' 42 U.S.C. § 1983 claims against him would be preempted by state procedure. Such an interference with Mr. Mitchell's federal constitutional rights would produce an unjust result that surely cannot be allowed to stand. Defendant Gurol, in his official capacity as medical doctor for inmates in the Montgomery County Jail, engaged in conduct that constituted a clear violation of constitutional law. Consequently, Plaintiffs are entitled to have a federal judicial court determine the merits of their § 1983 claims.

### G. Conclusion

The bottom line is that this case centers on repeated violations of 42 U.S.C. § 1983 by Defendants Gurol and the Montgomery County Sheriff's Department Et Al. Mr. Mitchell was imprisoned by the Montgomery County Sheriff's Department. His safety and well-being were entirely in the hands of the governmental authorities. Defendant Gurol was under contract with the Sheriff's Department, and Mr. Mitchell had no choice but to subject himself to Gurol's treatment. Repeatedly, Gurol, in concert with the other Defendants, violated Mr. Mitchell's federally protected rights, and Mr. Mitchell died as a result of that mistreatment and the collective, conscious indifference of each Defendant. Defendant Gurol should not be allowed to wholly escape liability for his actions by seeking shelter under a state provision.

For these reasons, Defendant Dr. Unal Gurol's Motion to Dismiss for Failure to File an Expert Report Under §74.351 of the Texas Civil Practice & Remedies Code should be denied. To order otherwise would, in effect, be a "death penalty" for Plaintiffs' claims against Dr. Unal Kadri Gurol, and would allow Dr. Gurol to wholly escape any liability for his clear role as an agent of the Montgomery County Sheriff's Department in the unfortunate and unnecessary death of James Henry Mitchell.

### H. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that Defendant Unal Kadri Gurol's Motion to Dismiss be denied and for any other relief that they are entitled.

Respectfully submitted,

By: **/s/ J D Lambright**

    Law Offices of J D Lambright, P.L.L.C.
    Texas Bar No. 24012996
    Federal Bar No. 25653
    Conroe Tower, Suite 450
    300 W. Davis
    Conroe, Texas 77301
    Telephone: 936-539-3499
    Facsimile: 936-539-1799
    Email: JDLambright@the-law-offices.com

ATTORNEY IN CHARGE FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I certify that on this, the 1st day of March, 2006, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing instrument has been served upon each party to this cause.

By: /s/ **J D Lambright**

H. Kent Twining
TBA No. 20351300
Erica J. Easter
TBA No. 24041879
Barker, Lyman, Twining, Weinberg & Ferrell, P.C.
3600 One Houston Center
1221 McKinney Street
Houston, Texas 77010-2011
Fax: 713-652-2419
Phone: 713-759-1990

Attorneys for Defendant Dr. Unal Kadri Gurol, M.D., Individually and as the Medical Director/Physician for the Inmates of the Montgomery County, Texas Jail


Suzanne Laechelin
Assistant County Attorney
207 West Phillips, Suite 100
Conroe, Texas 77301
Phone: 936-539-7828
Fax: 936-760-6920
Texas Bar No. 11787980
Federal ID No. 20375

Attorney in Charge for Defendants Montgomery County, Texas, the Montgomery County, Texas Sheriff's Department, Guy Williams, and Thomas Wayne "Tommy" Gage

By: /s/ **J D Lambright**

H. Kent Twining
TBA No. 20351300
Erica J. Easter
TBA No. 24041879
Barker, Lyman, Twining, Weinberg & Ferrell, P.C.
3600 One Houston Center
1221 McKinney Street
Houston, Texas 77010-2011
Fax: 713-652-2419
Phone: 713-759-1990

Attorneys for Defendant Dr. Unal Kadri Gurol, M.D., Individually and as the Medical Director/Physician for the Inmates of the Montgomery County, Texas Jail


Suzanne Laechelin
Assistant County Attorney
207 West Phillips, Suite 100
Conroe, Texas 77301
Phone: 936-539-7828
Fax: 936-760-6920
Texas Bar No. 11787980
Federal ID No. 20375

Attorney in Charge for Defendants Montgomery County, Texas, the Montgomery County, Texas Sheriff's Department, Guy Williams, and Thomas Wayne "Tommy" Gage

# **<u>EXHIBIT 1</u>**