UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRISHA L. WAKAT, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0978 |
| | § | |
| MONTGOMERY COUNTY, *et al.* | § | |
| Defendants. | § | |

## ORDER

Before the court is the plaintiffs' motion for leave to file an amended pleading (Dkt. 22). The plaintiffs seek to amend their complaint by adding a new defendant, Tri-County Mental Health Mental Retardation Services ("Tri-County"). This motion has been referred to this court for disposition. For the reasons that follow, the motion is denied.

The plaintiffs have asserted claims against the defendants under 42 U.S.C. § 1983, for alleged violations of James Henry Mitchell's constitutional rights in connection with his death at a Montgomery County jai in March 2003. The plaintiffs have also brought causes of action for wrongful death and negligence, contending that Mitchell was physically abused and not given proper medical care while he was in custody.

The plaintiffs assert that newly discovered evidence has revealed that Tri-County is a necessary and proper defendant. The plaintiffs maintain Tri-County

"failed to provide a psychological evaluation of the decedent, James Henry Mitchell, despite the fact that such an evaluation was requested by agents of Montgomery County."[1]  The defendants object to joining Tri-County as a new party at this stage on three grounds: (1) there was no certificate of conference accompanying the motion as required by Local Rule 7.1;[2] (2) the evidence is not new as the defendants have had it in their possession since 2003; and (3) adding a new defendant at this point in the litigation will cause delay.

The Rule 16 scheduling order set September 1, 2005, as the date by which new parties were to be joined.[3]  It also set December 1, 2005, as the deadline for amendments to pleadings.  This motion to add a new party is not timely, as it was filed December 27, 2005, or almost four months after the deadline.  After a scheduling order deadline has passed, it is Rule 16(b) that governs the amendment of pleadings.  *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th

---

[1] Dkt. 22.

[2] No certificate of conference was included with the motion as required by Local Rule 7.1. The Local Rules for the Southern District of Texas requires that opposed motions, other than those under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an averment that "[t]he movant has conferred with the respondent and Counsel cannot agree about the disposition of the motion." S.D. Tex. Loc. R. 7.1.  Failure to include a certificate of conference is grounds for striking a motion.  Nevertheless, the court will address this motion to in order to expedite this matter.  The parties are advised that future motions not in compliance with this local rule will be stricken without exception.

[3] *See* Dkt. 11.

Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). In determining good cause, the court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Southwestern Bell*, 346 F.3d at 546; *S & W Enters.*, 315 F.3d at 536. Only when the movant demonstrates "good cause" to modify a scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

The plaintiffs' explanation for not timely adding Tri-County as a party is that the significance of a treatment sheet, created on March 20, 2003 by Montgomery County jail officials, was not fully apparent until this document was reviewed by plaintiffs' medical expert in December 2005. This treatment sheet indicates that Tri-County failed to perform a requested evaluation of Mitchell near the time of his death. The plaintiffs further argue that the relevance of this document was not immediately apparent because the treatment sheet was a single page filed amongst 330 pages of documents.

3

The plaintiffs' explanation does not satisfy Rule 16(b)'s good cause standard for several reasons. First, the plaintiffs do not dispute that they have had the medical treatment sheet in their possession since 2003. Thus, the information supporting the proposed amendment to the complaint is not new; it was available to the plaintiffs even before they filed suit. *Cf. Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521-22 (D. Colo. 2003) (failing to review previously disclosed material until five months after it became available was not "good cause" to modify Rule 16 order).

The argument that the import of the treatment sheet was somehow obscured by inclusion with a few hundred other pages is not convincing given the nature of this claim. This case centers on the allegation that Mitchell's death was caused by physical abuse and inadequate medical treatment while in custody at the Montgomery County jail. Even among 329 other pages, the import of the medical treatment sheet created by jail authorities near the time of Mitchell's death, in a case alleging lack of proper medical care as a contributing factor in his death, should not have been lost upon the plaintiffs.

Moreover, the purported significance of the treatment sheet–that Tri-County failed to perform a requested evaluation of Mitchell–is not obscured amidst indecipherable medical jargon. The treatment sheet straightforwardly states that on

March 20, 2003, "MD ordered Tri-County eval[uation] this date," and sometime later that day a phone call was received declaring that "nothing could be done for" Mitchell at that time.[4] These statements did not particularly require an expert's clarification to be understood.

Even if the plaintiffs could not have grasped the meaning of the treatment sheet without assistance from a medical expert, then waiting until late December 2005 to do so fails to demonstrate due diligence. For there to be "good cause" as required by Rule 16(b), the movant must show that despite his or her diligence, the deadlines could not reasonably be met. *See* 6A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d 1990). That is not the case here. The plaintiffs have had the treatment sheet listing Tri-County in their possession for over two years and could have named Tri-County as a defendant within the time set by the scheduling order.

The final consideration is delay. Trial is set for October or November 2006. The plaintiffs filed their complaint in March 2005, making this litigation nearly a year old. If a new defendant is joined at this stage, it is likely that additional discovery will be needed and that the trial setting will be jeopardized.

---

[4] Dkt. 16.

Accordingly, there not being good cause to join a new defendant four months after the deadline set by the Rule 16 scheduling order, the motion is denied.

Signed on March 8, 2006, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge