UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Trisha L. Wakat, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action H-05-0978 |
| | § | |
| Montgomery County, *et al.* | § | |
| Defendants. | § | |

**Memorandum and Order**

Before the court is the motion to dismiss of Dr. Unal Kadri Gurol (Dkt. 32).  Gurol maintains this action must be dismissed as to him because the plaintiffs failed to file an expert report within 120 days of bringing this suit as required by section 74.351 of the Texas Civil Practices and Remedies Code.  Section 74.351 requires a plaintiff who has initiated an action on "a health care liability claim" to serve on each party "not later than the 120th day after the date the claim was filed ... one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."  Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon 2005).  Gurol contends this report was due by July 20, 2005.  Because the court finds that this Texas statute is inapplicable, Gurol's motion is denied.

Most federal courts have found that the expert report requirement of section 74.351 (or its predecessor statute) does not apply in federal proceedings.  *See Garza v. Scott and White Mem'l Hosp.*, 234 F.R.D. 617, 622 (W.D. Tex. 2005); *Brown v. Brooks County Det. Ctr.*, 2005 WL 1515466, at *2 (S.D. Tex. 2005); *Nelson v. Myrick*, 2005 WL 723459, at *3 (N.D. Tex. 2005); *McDaniel v. United States*, 2004 WL 2616305, at *9 (W.D. Tex. 2004).  The parties offer a great deal of explication of *Cruz v. Chang*, 400 F. Supp. 2d 906 (W.D. Tex. 2005), a case in which a federal court did rely upon this provision.  *Id.* at 915-16.  However, the jurisdiction of the *Cruz* court

was premised on the diverse citizenship of the parties. *Id.* at 908. The *Cruz* court therefore applied Texas laws governing medical malpractice claims. *Id.* at 909-916.

This case, on the other hand, is not a diversity case. This court has original federal jurisdiction under 28 U.S.C. § 1343(a)(3). Under this statute, a district court has original jurisdiction where a plaintiff alleges a valid section 1983 claim. *See Mitchell v. Johnston*, 701 F.2d 337, 344 (5th Cir. 1983). Here, the plaintiffs seek damages under 42 U.S.C. § 1983, for various alleged violations of James Henry Mitchell's constitutional rights in connection with his death at a Montgomery County jail in March 2003. The plaintiffs have also brought related causes of action for wrongful death and negligence, contending that Mitchell was physically abused and not given proper medical care while he was in custody.

Accordingly, it is the Federal Rules of Civil Procedure that apply. These rules vest substantial discretion in the trial court for the timing of expert reports.[1] Following the usual practice for this district, the court set these deadlines in a Rule 16 scheduling order. On January 5, 2006, the court granted the parties' stipulation for an extension of time to provide expert reports, allowing the plaintiffs until February 1, 2006 to do so.[2] The plaintiffs served the report of their expert, Dr. Lawrence H. Mendel, on January 3, 2006, well before that deadline.

---

[1] Federal Rule of Civil Procedure provides that expert report disclosures "shall be made at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(C).

[2] *See* Dkt. 27.

Gurol's motion to dismiss is DENIED.

Signed on May 23, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge